# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Chapter 7 |
| Arnold S. Goodstein, | Case No. 10-04204-dd |
| Debtor. | |
| Michelle L. Vieira, | Adv. Pro. No. 11-80010-dd |
| Plaintiff, | |
| v. | |
| First Palmetto Savings Bank, FSB, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO
## DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION

This matter was before the Court on the motion of defendant First Palmetto Savings Bank, FSB ("Bank" or "Defendant"), to dismiss the First Cause of Action in the Complaint filed by plaintiff Michelle L. Vieira ("Plaintiff" or "Trustee"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 7012(b) of the Federal Rules of Bankruptcy Procedure.  Present at the hearing was the Plaintiff, and counsel for the Defendant.

After reviewing the pleadings before the Court, considering the arguments of counsel, and the applicable law, the Court grants the relief requested by Defendant, making the following findings of fact and conclusions of law:

### Findings of Fact

1.  The Debtor filed his petition under Chapter 11 of the Code on June 11, 2010.  On August

17, 2010, Debtor's case was converted to Chapter 7, and Plaintiff was appointed Chapter 7 Trustee.

2.   On February 9, 2011, Plaintiff sued Defendant, asserting two causes of action, both arising out of Debtor's January 14, 2008 pledge of stock to Defendant (the "Transaction").  The First Cause of Action seeks to set aside the Transaction as a constructively fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

3.   Looking only at the four corners of the Complaint, the Transaction is said to have occurred more than two (2) years before the petition date.  (*See Adversary Complaint*  at ¶¶ 12-13).

## Conclusions of Law

Defendant seeks to have the First Cause of Action of Complaint dismissed pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), on the grounds that, because the Transaction occurred more than two (2) years before the petition date and the commencement of the Adversary, it is time barred.

When deciding the Rule 12(b)(6) motion to dismiss, the Court must take all well-pleaded material allegations of a complaint as admitted and view them in the light most favorable to Plaintiff.  *De Sole v. U.S*., 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969)).  A Rule 12(b)(6) motion should not be granted unless it "appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."  *Rogers v. Jefferson-Pilot Life Ins. Co*., 883 F.2d 324, 325 (4th Cir. 1989) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969)).  The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943,952 (4th Cir. 1992).  Although Rule 12(b)(6) tests the sufficiency of the complaint, the court may grant a 12(b)(6) motion "when the face of the

complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir. 1996). Therefore, when a defendant asserts that a claim is time-barred under the statute of limitations, the court may reach the defense on a 12(b)(6) motion only in those circumstances when the complaint contains sufficient facts to rule on the affirmative defense. *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

Section 11 U.S.C. § 548(a)(1) provides that the trustee may avoid any transfer, "that was made or incurred on or within 2 years before the date of the filing of the petition . . . ." 11 U.S.C. § 548(a)(1). Plaintiff argues that a question of fact exists as to when the Transaction was perfected, and that discovery may reveal that the claim is not time barred. However, when ruling on a 12(b)(6) motion, the Court can look only to the four corners of the Complaint, and the cause of action, as pled, asserts that the Transaction occurred more than two (2) years before the petition date. It is therefore time barred. Consequently, the Court grants the Defendant's motion to dismiss the First Cause of Action. However, the Court notes that this dismissal is without prejudice – and in the event, during the course of discovery, Plaintiff uncovers facts upon which to reassert this claim, Plaintiff may move to amend the Complaint as provided for in the rules.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/26/2011**



Entered: 04/26/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina